UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JUANITA G. FOX,                     Case No. 1:04-cv-355

    Plaintiff,                         Black, M.J.

vs.

CLINTON COUNTY VETERANS
SERVICE COMMISSION, *et al.*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This employment discrimination case is before the Court on defendants' motion for partial summary judgment (doc. 12), defendants' motion for summary judgment and amended motion for summary judgment (docs. 22, 24), and the parties' responsive memoranda (docs. 15, 20, 27, 28).  The parties have consented to disposition by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (*See* doc. 9.)

**I. BACKGROUND**

Plaintiff Juanita Fox initiated this action by filing a complaint against her former employer, the Clinton County Veterans Service Commission ("Veterans Commission") and seven individuals: Roger Bashore, Ronald McCarren, Chester Wilson, Rick Stanforth, Mike Curry, Darleen Myers, and Mike Brooker (collectively "defendants"). (Doc. 1).  Bashore, McCarren, and Wilson are identified as members of the Veterans

Commission. (*Id.* at ¶¶ 9-11.) Defendants Stanforth, Curry, and Myers are identified as members of the Clinton County (Ohio) Board of Commissioners exercising authority over budgetary and personnel matters of the Veterans Commission. (*Id.* at ¶¶ 12-14.) Defendant Brooker is identified as the Clinton County Administrator. (*Id.* at ¶ 15.)

The undisputed facts show that plaintiff was hired as a secretary, or administrative assistant, by the Veterans Commission in January 2001 and, approximately two months later, assumed the duties of the Veterans Services Officer. (*Id.* at ¶¶ 16, 17.) After meeting state and national accreditation requirements, she was named Executive Director. (*See id.* at ¶ 22.)

On or about April 2002, the budget for the Veterans Commission for fiscal year 2003 was approved by Clinton County. (*Id.* at ¶ 35.) The budget included a "service allowance" intended to help veterans meet emergency expenses. (*Id.*) In November 2002, the Veterans Commission, with Bashore, McCarren and Wilson, agreed to reduce the budget by about $75,000.00, which included $50,000.00 from the "service allowance," and return it to the county. (*Id.* at ¶ 36; *see also* Deposition of Roger Bashore ("Bashore Depo.") at 16.) Plaintiff openly criticized the budgetary reversion. (*See* Bashore Depo. at 18.)

On December 2, 2002, plaintiff and defendant Bashore were involved in a discussion concerning various matters including, inter alia, the use of compensatory leave time by Veterans Commission employees. (*See* Deposition of Juanita G. Fox ("Fox

Depo.") at 80.) The discussion became "heated" and resulted in plaintiff's use of profanity. (*Id.* at 89.)

Plaintiff was immediately placed on administrative leave without pay. (Doc. 1 at ¶ 39.) A "pre-disciplinary" hearing was held on December 12, 2002. (*Id.* at ¶ 42). On December 17, 2002, the Veterans Commission terminated plaintiff's employment. (*Id.* at ¶ 48.)

Plaintiff filed an appeal with the State Personnel Board of Review ("SPBR"). (*Id.* at ¶ 49.) After the SPBR indicated that plaintiff was a classified employee who was entitled to certain pre-termination protection, the Veterans Commission entered into a settlement agreement with plaintiff which included back pay and reinstatement. (*Id.* at ¶ 50.)

Immediately upon her reinstatement in August 2003, plaintiff was placed on paid administrative leave; she was not permitted to resume her official duties. (*See id.* at ¶ 51.) A second disciplinary hearing was held on September 22, 2003. (*See* doc. 12 at ex. 4). On September 24, 2003, the Veterans Commission again terminated plaintiff's employment. (Doc. 1 at ¶ 53.).

## II. PROCEDURAL HISTORY

Plaintiff filed her complaint on May 21, 2004, asserting the following claims: gender discrimination (Count One); wrongful discharge in violation of public policy (Count Two); and, pursuant to 42 U.S.C. § 1983, a violation of her rights to due process

3

and freedom of speech guaranteed by the First and Fourteenth Amendments of the United States Constitution and the Constitution of Ohio, art. 1, § 11 ( Count Three). (Doc. 1.)

On January 27, 2005, defendants filed a motion for partial summary judgment seeking dismissal of plaintiff's due process claim. (Doc. 12.) They maintain that she has failed to establish the deprivation of a constitutional right. Additionally, they argue that four individual defendants, Stanforth, Curry, Myers, and Brooker, are entitled to qualified immunity with respect to plaintiff's due process claim.

On June 30, 2005, defendants filed a motion for summary judgment and an amended motion for summary judgment.[1] (Docs. 22, 24.) Defendants maintain that they are entitled to judgment as a matter of law with respect to plaintiff's gender discrimination and equal protection claims because she cannot meet her burden of proof under the *McDonnell-Douglas*[2] test. They repeat their argument, with respect to the due process claim, that plaintiff cannot show the deprivation of a constitutional right. They further assert that defendants Bashore, McCarren and Wilson, in addition to Stanforth, Curry, Myers, and Brooker, are also entitled to qualified immunity. Finally, on the grounds that plaintiff cannot prevail on her discrimination, due process, and First Amendment claims, she cannot establish a violation of public policy under state law.

Plaintiff responded to the motion for partial summary judgment and to the

---

[1] The amended motion for summary judgment (Doc. 24) is identical to the motion for summary judgment (Doc. 22) except that it includes unreported cases as attachments.

[2] *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973).

4

amended motion for summary judgment (*see* Docs. 15, 27) and defendants filed their replies (Docs. 20, 28). The matter is ripe for review.

### III. DISCUSSION

A. Standard of Review

A motion for summary judgment (or partial summary judgment) should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the nonmoving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989); *Sixty Ivy Street Corp. v. Alexander*,

822 F.2d 1432, 1435 (6th Cir. 1987).

The Court is not duty bound to search the entire record in an effort to establish a lack of genuinely disputed material facts. *Guarino v. Brookfield Township Trustees,* 980 F.2d 399, 404 (6th Cir. 1992); *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990). Rather, the burden is on the nonmoving party "to present affirmative evidence to defeat a properly supported motion for summary judgment," *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), and to designate specific facts in dispute. *Anderson*, 477 U.S. at 250; *Guarino*, 980 F.2d at 404-05.

    B.    Qualified Immunity

The individual defendants (Bashore, McCarren, Wilson, Stanforth, Curry, Myers, and Brooker) maintain that they are entitled to qualified immunity on plaintiff's due process and First Amendment claims because she cannot establish the violation of a constitutional right. Generally, where a defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings. *See Saucier v. Katz*, 533 U.S. 194, 200 (2001); *Criss v. City of Kent,* 867 F.2d 259, 261 (6th Cir. 1988). Thus, defendants' assertion of a qualified immunity defense is addressed first.

As noted by the Sixth Circuit, determining whether the defense attaches involves a three-step inquiry. *See Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003). First, the court determines whether, based upon the applicable law, the facts viewed in the light

6

most favorable to the plaintiff show that a constitutional violation has occurred. *Id.* Second, the court considers whether the violation involved a clearly established constitutional right of which a reasonable person would have known. *Id.* Third, the court determines whether the plaintiff has offered sufficient evidence "to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." *Id.* (quoting Williams v. Mehra, 186 F.3d 685, 691 (6th Cir. 1999) (en banc)).

The claimant must prove all three requirements or the officials are entitled to qualified immunity. *Feathers*, 319 F.3d at 848. Thus, if plaintiff fails to present sufficient evidence of a constitutional violation, the individual defendants are entitled to qualified immunity as a matter of law.

*1.    Plaintiff's Due Process Claim*

In Count Three of the Complaint, plaintiff alleges that defendants Bashore, McCarren, and Wilson deprived her of due process, *inter alia*, by firing her because of her gender, by retaliating against her, by contriving accusations against her, and by placing her on administrative leave. (*See* doc. 1 at ¶¶ 75, 78, 81.) She alleges that defendants Curry, Myers, and Stanforth deprived her of due process by allowing defendant Brooker to conduct a sham "pre-disciplinary proceeding" after discipline had been imposed. (*Id.* at ¶¶ 84, 87, 90.) Additionally, defendant Stanforth allegedly undermined her right of due process by speaking out for her removal. (*Id.* at ¶ 90.)

7

Defendant Brooker allegedly denied her due process by conducting the second pre-disciplinary hearing with levity and bias. (*Id.* at ¶ 93.)

To state a cause of action under 42 U.S.C. § 1983, plaintiff must establish (1) conduct by persons acting under color of law, and (2) that the conduct deprived her of a protected right. *See Gomez v. Taylor*, 446 U.S. 635, 640 (1980).

Defendants concede that they are state actors for purposes of § 1983. They dispute, however, that their conduct deprived plaintiff of her due process rights.

Thus, to defeat the asserted defense of qualified immunity and to survive summary judgment on her due process claim, plaintiff must, at the outset, establish the denial of her due process right.

On consideration of an alleged due process violation, the court must determine whether plaintiff had a property interest that was entitled to due process protection and, if so, what process is due. *See Leary v. Daeschner*, 228 F.3d 729, 741-42 (6th Cir. 2000). The parties agree that plaintiff, a public employee, had a protected property interest in her employment as Executive Director of the Veterans Commission. *See* Ohio Rev. Code Ann. § 124.34. *See also Combs v. Montgomery County Veterans Serv. Ctr.*, No. 00-REM05-0160 (Ohio State Personnel Board of Review July 23, 2001). Thus, the issue now before the Court is to what process was plaintiff entitled in connection with the termination from that position.

It is well established that public employees are entitled to pre-and post-termination

8

procedures. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545-46 (1985). Pre-termination procedures need not be elaborate. *Id.* at 545-46. Even where it can be shown that pre-termination procedures were inadequate, the right of due process can be satisfied through adequate post-termination procedures. *See Duchesne v. Williams*, 849 F.2d 1004, 1008 (6th Cir. 1988), *cert. denied,* 489 U.S. 1081 (1989).

An adequate post-termination procedure provides an opportunity for a full hearing and the possibility of judicial review. *Duchesne,* 849 F.2d at 1008. The United States Supreme Court and the Ohio Supreme Court have ruled that the post-termination remedies provided by Ohio Rev. Code Ann. § 124.34 satisfy due process requirements. *See Cleveland Bd. of Educ.*, 470 U.S. at 547- 48; *Parfitt v. Columbus Corr. Facility*, 62 Ohio St. 2d 434, 437, 406 N.E.2d 528, 531 (Ohio), *cert. denied*, 449 U.S. 1061 (1980).

Plaintiff's arguments that the § 124.34 procedures are inadequate are contrary to law. She maintains that the statutory remedy is inadequate because it does not provide for punitive damages nor for damages for emotional distress. The right to due process, however, is not a right to any particular remedy, but only to the opportunity to be heard in a meaningful time and in a meaningful manner. *See Leary*, 228 F.3d at 743.

Her assertion that a genuine issue of fact remains as to whether she was in fact "reinstated" on August 18, 2003 lacks merit. The uncontroverted evidence shows that, pursuant to a settlement agreement signed by plaintiff, she received full back pay and benefits including compensation for the five days of unpaid administrative leave. (*See*

Doc. 12, Ex. 1 at ¶ 13; Ex. 3.)  Whether or not she was restored to her full duties is not material to her due process claim.  *See, e.g., Peltier v. United States*, 388 F.3d 984, 988 (6th Cir. 2004) (holding that "a suspension with pay and full benefits pending a timely investigation into suspected wrongdoing is not an adverse employment action") (citations omitted).

Plaintiff also contends that defendants violated her right of due process and deprived her of a liberty interest by publicizing the fact of her termination.

To prevail on this claim, plaintiff must establish: (1) stigmatizing statements were made in conjunction with the termination from employment; (2) the statements must have concerned more than merely improper or inadequate performance, incompetence, neglect of duty or malfeasance; (3) the stigmatizing statements or charges were made public; (4) the charges were false; and, (5) the public dissemination was voluntary.  *Ludwig v. Board of Trustees,* 123 F.3d 404, 410-11 (6th Cir. 1997).  Once plaintiff has established all five elements, she is entitled to a name-clearing hearing, if she requests one.  *See id.*  The denial of the name-clearing hearing, rather than the stigmatizing statements, causes the due process violation.  *Id.*  The failure to request a name-clearing hearing precludes a due process claim for a deprivation of plaintiff's liberty interest in her good name.  *See id.* at 410-11.

Plaintiff did not submit any evidence to show that she requested a name-clearing hearing.  Therefore, her claim of a due process violation based on the public statements

lacks merit.

In sum, plaintiff has failed to submit evidence to create a genuine issue of material fact on her claim of a due process violation. In light of her failure to establish a violation of her due process right, defendants are entitled to qualified immunity with respect to that claim as a matter of law.

    2.    *Freedom of Speech*

Defendants also assert that they are entitled to qualified immunity with respect to plaintiff's claim of a violation of her First Amendment rights. Plaintiff alleged that the events leading to the termination of her employment flowed from an open meeting held in November 2002 when she criticized the proposed budgetary reversion. (*See* Doc. 1, ¶¶ 36-39.) Defendants argue that plaintiff cannot establish the violation of a constitutional right because her speech was not "a matter of public concern" or "a factor in the employer's decision to terminate her." (Doc. 24 at 2.)

To prevail on her First Amendment claim, plaintiff must demonstrate that: (1) she was disciplined (and her employment terminated) for speech that was directed toward an issue of public concern; and (2) that her interest in speaking as she did outweighed the employer's interest in regulating her speech. *See Connick v. Myers*, 461 U.S. 138, 147-50 (1983); *Pickering v. Board of Educ.*, 391 U.S. 563, 568 (1968). The inquiry into whether her speech is entitled to protection under the First Amendment as addressing a matter of public concern is a question of law for the court to decide. *Bonnell v. Lorenzo*,

241 F.3d 800, 809-10 (6th Cir.), *cert. denied*, 534 U.S. 951 (2001). The inquiry into whether her interests in speaking outweigh her employer's interests in regulating her speech is a factual determination. *Id.* (citing *Pickering*, 391 U.S. at 568).

Determining whether plaintiff's speech is entitled to constitutional protection is determined by the content, form and context of her statements. *See Connick*, 147-48. "[T]he fact that an issue involves public money is alone not enough to convert expressive activity into commentary on a matter of public concern." *Gragg v. Kentucky Cabinet for Workforce Dev.,* 289 F.3d 958, 966 (6th Cir. 2002) (citing *Rahn v. Drake Center, Inc.,* 31 F.3d 407, 412 (6th Cir. 1994)). The point of the protection afforded public employees is to allow public employees a voice on issues actually affecting and interesting the community at large. *Banks v. Wolfe County Bd. of Educ.*, 330 F.3d 888, 897 (6th Cir. 2003) (citing *Gragg,* 289 at 966). In the Sixth Circuit, "the key question is not whether a person is speaking in his role as an employee or a citizen, but whether the employee's speech in fact touches on matters of public concern. " *Cockrel v. Shelby County Sch. Dist.,* 270 F.3d 1036, 1052 (6th Cir. 2001).

Plaintiff has presented sufficient evidence to support a finding that her comments on the budget decision were protected speech and to create a material issue of fact as to whether her interest in speaking outweighed the employer's interest in regulating her speech. (*See, e.g.,* Doc. 27, Affidavit of Juanita "Dee" Fox, Ex. 1). Construing the allegations in a light favorable to plaintiff, a constitutional violation has been shown.

The court must next consider whether what defendants allegedly did was objectively unreasonable in light of clearly established rights. *See Tucker v. City of Richmond*, 388 F.3d 216, 219-20 (6th Cir. 2004) (citations omitted); *Feathers*, 319 F.3d at 848.

Plaintiff alleges that she was unfairly disciplined and that her employment was terminated in retaliation for her criticism of a proposed budgetary reversion. At the time that the underlying events took place, November 2002, it was clearly established that a public employee's speech, including speech made in the course of acting as a public employee, that relates "to any matter of political, social, or other concern to the community [at large]" is protected. *See Rodgers v. Banks*, 344 F.3d 587, 598-99 (6th Cir. 2003) (and cases cited therein).

Plaintiff has offered sufficient evidence to create an issue of fact as to whether the actions of certain defendants were objectively unreasonable in light of her clearly established constitutional rights.

In sum, defendants are not entitled to qualified immunity on the asserted ground that plaintiff failed to show a violation of a constitutional right.

    C.    Dismissal of Defendants Rick Stanforth, Mike Curry, Darleen Myers, and Mike Brooker

In the motion for partial summary judgment, defendants seek, in part, the dismissal of four of the individual defendants as parties.

    *1.*    *Mike Brooker*

Defendants seeks dismissal of Mark Brooker on the ground that the only claim asserted against him is the due process violation. In support of the motion, defendants presented evidence that Brooker's only involvement was to serve as a hearing officer at plaintiff's first disciplinary hearing and that he lacked any authority to discharge her from her position with the Veterans Commission. (*See* Doc. 12, Ex. 7.)

In opposition, plaintiff submitted an affidavit stating, in pertinent part, that defendant Brooker was present at a meeting on December 17, 2002, when defendants Bashore, McCarren, and Wilson voted to terminate her employment. (*See* Doc. 15, App. 1 at ¶¶ 42-43.) She avers that Brooker conducted the first "pre-disciplinary" hearing with levity and bias based on previous conversations with defendant Bashore. (*Id.*, App. 1 at ¶ 53.) The affidavit, however, does not establish that Brooker engaged in any conduct that resulted in the deprivation of plaintiff's right of Freedom of Speech or that he was responsible for the decision to terminate her employment.

In the absence of any evidence that Brooker's conduct resulted in the deprivation of the right of Freedom of Speech, plaintiff's remaining § 1983 claim against Brooker must fail. *See Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155-57 (1978).

In the absence of any evidence that Brooker was either the employer or the decisionmaker responsible for her terminations, the claims of wrongful discharge and gender discrimination must also fail. Brooker's alleged conversations with other defendants do not provide a basis for liability because comments made by persons other

14

than the decisionmaker are not probative of discriminatory treatment. *See Phelps v. Yale Sec., Inc.,* 986 F.2d 1020, 1025 (6th Cir.), *cert. denied,* 510 U.S. 861 (1993). .

    *2.    Rick Stanforth, Mike Curry, and Darleen Myers*

Similarly, the materials submitted in opposition to the motion for partial summary judgment are insufficient to create any genuine issues of material fact as to whether Stanforth Curry and Myers are entitled to judgment as a matter of law. Plaintiff has submitted an affidavit averring simply that these three defendants were involved in the pre-termination hearings (*see* Doc. 15, App. 1 at ¶¶ 28, 51) and that they either spoke out in favor of termination or went along with the termination decision (*see id.,* App. 2 at ¶¶ 23-25). Conclusory statements presented in self-serving affidavits are inadequate to preclude entry of summary judgment. *See Mitchell v. Toledo Hospital,* 964 F.2d 577, 584-85 (6th Cir. 1992).

In the absence of any "significant probative evidence" in support of the complaint, *see Anderson,* 477 U.S. at 249, defendants Rick Stanforth, Mike Curry, Darleen Myers, and Mike Brooker are entitled to judgment as a matter of law.

    D.    Gender Discrimination and Equal Protection

In the motion for summary judgment and amended motion for summary judgment, defendants contend that plaintiff cannot prevail on her gender discrimination and equal protection claims because she cannot establish, under the *McDonnell-Douglas* shifting burden analysis, *see McDonnell-Douglas Corp. v. Green,* 411 U.S. 792, 802-05 (1973),

that the legitimate reasons for the termination of her employment were pretextual.

Plaintiff's claims of gender discrimination, whether based on Title VII or the a violation of equal protection, are subject to the same *McDonnell-Douglas* shifting burden analysis. *See Smith v. City of Salem*, 378 F.3d 566, 576-77 (6th Cir. 2004); *Lautermilch v. Findlay City Schs.,* 314 F.3d 271, 275 (6th Cir. 2003).

To survive summary judgment on her claim of gender-based discrimination, plaintiff must submit sufficient evidence to satisfy the burden-shifting requirements of the *McDonnell-Douglas* test. That is, she must first make out a *prima facie* case by showing that: (1) she was a member of a protected class; (2) that she suffered an adverse employment action; (3) that she was qualified for the position in question, and (4) that she was replaced by a person outside the protected class or that a similarly-situated individual not from the protected class was treated more favorably than she was. *See McDonnell Douglas,* 411 U.S. at 802. If she has met the *prima facie* test, then the employer has the burden to produce a legitimate, non-discriminatory reason for its actions. *Id.* Then, the employee has the burden of showing by a preponderance of the evidence that the reason given his employer for the termination was merely a pretext for the discrimination. *Id.* at 804-05.

Defendants do not argue that plaintiff has failed to make a *prima facie* showing of discrimination. Plaintiff, a woman, is a member of a protected class; she was terminated from the position of Executive Director for which she was qualified; and she was

16

replaced by a male employee. Defendants maintain, however, that they are entitled to judgment as matter of law because plaintiff can not establish that the reasons given for the termination decision were pretextual.

To survive a motion for summary judgment after the employer has articulated a legitimate, non-discriminatory reason for its actions, "the plaintiff must produce sufficient evidence from which the jury may reasonably reject the employer's explanation." *Manzer v. Diamond Shamrock Chems. Co.,* 29 F.3d 1078, 1083 (6th Cir. 1994). The plaintiff must "show by a preponderance of the evidence either (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate [her] discharge, or (3) that they were insufficient to motivate discharge." *Id.* at 1084 (internal quotation omitted).

The decision to remove plaintiff from her position with the Veterans Commission was based on two allegations of misconduct: (1) insubordination/immoral conduct/malfeasance/threatening and intimidating behavior/other failure of good behavior; and (2) misuse of commission property/malfeasance/inappropriate and unauthorized use of time/neglect of duty/dishonest actions. (*See* Deposition of Ronald McCarren ("McCarren Depo."), Ex. 12.) The former was based on the heated discussion between Bashore and plaintiff that took place on December 2, 2002. (*Id.*) The latter was based, for the most part, on plaintiff having provided transportation for a non-veteran at the Commission's expense. (*See id.*)

17

Plaintiff maintains that the proffered reasons did not actually motivate her discharge and that they were insufficient to motivate discharge. She further argues that the allegations were not wholly supported by fact.

For example, plaintiff denies using certain profanities or engaging in physically threatening behavior attributed to her. (*See* Fox depo. at 124-25 & Ex. 7.) Further evidence shows that the alleged abuse of the transportation policy was not known when plaintiff first placed on administrative leave but was discovered during the course of further investigation in preparation for the second disciplinary proceeding. (*See* Deposition of Steve Lawson at 27-28; McCarren Depo. at 67-68.)

The Court finds that a genuine issue of material fact exists as to whether the reasons proffered for the termination were pretextual.

Accordingly, defendant are not entitled to judgment as a matter of law with respect to plaintiff's claims of gender discrimination and a denial of equal protection.

E. Wrongful Discharge in Violation of Public Policy

In Count Two of the Complaint, plaintiff alleges that her initial firing in December 2002 was in direct retaliation for her criticism of the proposed reduction of the budget for fiscal year 2003. (*See* Doc. 1 at ¶ 70.)

Both federal and state courts recognize that Ohio law recognizes, under certain circumstances a claim for tortious wrongful termination in violation of public policy. *See, e.g., Francis v. United Parcel Service of Am., Inc.*, No. 3:01CV235, 2005 WL 2124134

(S.D. Ohio Aug 29, 2005) (citing *Greeley v. Miami Valley Maintenance Contrs., Inc.*, 49 Ohio St. 3d 228, 551 N.E.2d 981 (1990)).

Defendants did not address this claim in their motion for summary judgment or amended motion for summary judgment.

Because they have not met their initial burden of showing the absence of a genuine issue of material fact, see *Celotex*, 477 U.S. at 323, they are not entitled to judgment as matter of law with respect to this claim.

### IV.  CONCLUSION

For the reasons stated, **IT IS HEREIN ORDERED** that defendants' motion for partial summary judgment (Doc. 12) is **GRANTED.**  Plaintiff's claim under 42 U.S.C. § 1983 of a due process violation is **DISMISSED with prejudice**, and defendants Rick Stanforth, Mike Curry, Darleen Myers, and Mike Brooker are **DISMISSED** as parties to this case.

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment and amended motion for summary judgment (Docs. 22, 24) are **DENIED.**

This action will go forward with respect to plaintiff's claims of unlawful discrimination (Count One), wrongful discharge in violation of public policy (Count Two), and denial of her right of Freedom of Speech (Count Three) against the following defendants: the Clinton County Veterans Service Commission, Roger Bashore, Ronald McCarren, and Chester Wilson.

**IT IS SO ORDERED**.


Date:  9/19/05                                    s/Timothy S. Black
                                                  Timothy S. Black
                                                  United States Magistrate Judge