UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JUANITA G. FOX, | : | Case No. 1:04-cv-355 |
| | : | |
| Plaintiff, | : | Black, M.J. |
| | : | |
| vs. | : | |
| | : | |
| CLINTON COUNTY VETERANS | : | |
| SERVICE COMMISSION, *et al.,* | : | |
| | : | |
| Defendants. | : | **ORDER** |

Before the Court is a motion brought by defendants for partial reconsideration of this Court's Memorandum Opinion and Order denying in part defendants' prior motion for summary judgment. (Doc. 33; *see* Docs. 24, 32.)  No opposition to the motion has been filed.  For the reasons that follow, the motion is granted in part and denied in part.

I.

In her complaint, plaintiff asserts claims of gender discrimination (Count One); wrongful discharge in violation of public policy (Count Two); and a violation of her rights under the First and Fourteenth Amendments of the United States Constitution and under Article One, Section Eleven, of the Constitution of Ohio (Count Three).  (Doc. 1.) Plaintiff named as defendants her former employer, the Clinton County Veterans Service Commission, and seven individuals.  (*Id.*)

Defendants filed motions for partial summary judgment and for summary judgment on the grounds, *inter alia*, that the individuals were entitled to qualified

immunity with respect to plaintiff's constitutional claims; that she cannot meet her burden of proof under the *McDonnell Douglas*[1] test to prevail on her gender discrimination and equal protection claims; and that she cannot establish a violation of public policy under state law. (*See* Docs. 12, 22, 24.)

On September 19, 2005, the Court issued a Memorandum Opinion and Order granting in part and denying in part defendants' motions. (Doc. 32.) Claims against four of the individual defendants (Rick Stanforth, Mike Curry, Darleen Myers and Mark Brooker) were dismissed. (*Id.*) Additionally, defendants were granted partial summary judgment with respect to plaintiff's claim of a due process violation. (*Id.*)

In the motion for partial reconsideration now before the Court, defendants present three grounds for relief. First, they argue that the claims under Title VII against the remaining individuals should be dismissed because they are not employers for purposes of Title VII. Second, they argue that plaintiff cannot prevail on a wrongful discharge claim based upon her initial termination because she was reinstated with full pay and benefits. Third, defendants reassert that legitimate non-discriminatory reasons exist for her termination.

District courts have broad discretion to grant or deny a motion for reconsideration. *Cobell v. Norton*, 226 F. Supp. 2d 175, 177 (D.D.C. 2002). The Court may invoke its discretion and deny such a motion unless it finds an intervening change in controlling

---

[1] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973).

law, the availability of new evidence, or the need to correct clear error or manifest injustice. *Id.*

The motion is granted in part with respect to defendants' first ground for reconsideration. It is well established in the Sixth Circuit that liability may not be imposed on an individual, provided that the individual cannot be classified as an "employer," under Title VII. *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). Defendants have presented undisputed evidence that the Clinton County Veterans Services Commission was plaintiff's employer, not the named individuals. (*See* Doc. 33 at 2.)

The motion also is granted in part with respect to defendants' second ground. The record shows, and plaintiff does not dispute, that she was reinstated following her initial termination. Thus, to the extent she asserts a claim of wrongful termination based on the initial termination, her claim is dismissed. However, to the extent plaintiff asserts a claim of wrongful discharge based on her subsequent termination in September 2003 (*see* Doc. 1, ¶ 71), her claim may go forward.

Finally, the motion for reconsideration is denied in part with respect to defendants' third ground. In the Memorandum Opinion and Order, the Court determined that genuine issues of material fact exist as to whether the proffered legitimate non-discriminatory reason for plaintiff's termination was pretextual. (*See* Doc. 32 at 18.) Defendants have failed to identify any relevant changes in the law, proffered any new evidence, or

convinced the Court that reconsideration is necessary to correct a clear error or manifest injustice with respect to this issue.

II.

Based on the above, **IT IS HEREIN ORDERED** that defendants' motion for partial reconsideration (Doc. 33) is **GRANTED IN PART**, and this Court's prior Memorandum Opinion and Order (Doc. 32) is **MODIFIED** as follows:

1. Claims under Title VII against defendants Roger Bashore, Ronald McCarren, and Chester Wilson are **DISMISSED**; and

2. Plaintiff's state law claim of wrongful discharge in violation of public policy based on her initial termination in December 2002 is **DISMISSED**.

Defendants' motion for partial reconsideration (Doc. 33) is **DENIED IN PART** with respect to their assertion that plaintiff failed to present a genuine issue of fact as to whether the reasons given for her termination were pretextual.

**IT IS SO ORDERED**.


Date:  3/13/06                                    s/Timothy S. Black
                                                  Timothy S. Black
                                                  United States Magistrate Judge