UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JUANITA G. FOX, | : | Case No. 1:04-cv-355 |
| | : | |
| Plaintiff, | : | Black, M.J. |
| | : | |
| vs. | : | |
| | : | |
| CLINTON COUNTY VETERANS | : | |
| SERVICE COMMISSION, *et al.*, | : | |
| | : | |
| Defendants. | : | **ORDER** |

This employment discrimination action is before the Court on the parties' motions for partial reconsideration of the memorandum opinion and order (Doc. 32) granting in part and denying in part Defendants' motion for partial summary judgment. The parties seek clarification of the Court's rulings as to which issues or claims are remaining. Of particular concern is the effect of a subsequent Supreme Court decision, *Garcetti v. Ceballos*, 126 S. Ct. 1951 (2006), on Plaintiff's claim of unlawful retaliation for engaging in speech protected by the First Amendment. The parties were asked to file briefs setting forth the claims which each side contends are unresolved. In light of the parties' filings, the Court finds the motions for reconsideration well taken.

On reconsideration, the Court finds that Plaintiff's former employer, the Clinton County Veterans Service Commission, is the only defendant remaining, and that the only claims still pending are Plaintiff's claims of gender discrimination and a denial of equal protection arising from the termination of her employment in September 2003.

Plaintiff's claims of wrongful discharge in violation of public policy (her so-called *Greeley*[1] claims) are **DISMISSED** because she failed to present any evidence showing that she was an employee at-will. *See Kusens v. Pascal Co.*, 448 F.3d 349, 364 (6th Cir. 2006) ("[I]t is well-settled under Ohio law that in order for an employee to bring a cause of action pursuant to *Greeley*, . . .that employee must have been an employee at-will.") (citations omitted).

Plaintiff's claims of retaliation for engaging in speech protected by the First Amendment (and Article One, Section Eleven, of the Constitution of Ohio) are **DISMISSED** because the "speech" on which her claims are based is not "protected." *See Garcetti*, 126 S. Ct. at 1960.

The Supreme Court ruled in *Garcetti* that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes and the Constitution does not insulate their communications from employer discipline." *Id.* "[W]hen an individual acts not as a citizen, but rather merely performs the tasks he was paid to perform, [he] act[s] as a government employee." *Id.*; *see Ibarra v. Lexington-Fayette Urban Cty, Gov't*, No. 06-5691, 2007 WL 579670, at *3 (6th Cir. Feb. 23, 2007).

Plaintiff alleges in her complaint that she openly confronted the Commission members at an open meeting in November 2002 about their plan to take some $75,000.00

---

[1] *Greeley v. Miami Valley Maintenance Contractors, Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990).

from the Veterans Services' budget, arguing that "funds budgeted for the Veterans should be used for the Veterans." (Doc. 1 at ¶¶ 36, 37.) She alleges that Defendants initiated retaliatory actions against her following the November meeting.

Plaintiff's conclusory allegation that she was speaking as a citizen when she objected to the proposed budget-cut is insufficient to create an issue of fact as to whether she made the statements in question pursuant to her official duties. Plaintiff acknowledges that her duties as Executive Director of the Clinton County Veterans Service Commission included "developing annual budgets with Clinton County." (*Id.* at ¶ 32.) Evidence in the record also shows that the Director's duties required her to advise veterans and their dependants on the rights and benefits available under the state and federal law, to assist in establishing claims for benefits, and, in short, to "[a]ct as liaison between the claimant and the Department Service Office filing the claim, the Department of Veterans' Affairs and between the office and the veteran service organization." (Defs.' Ex. 4.) Indeed, to the extent she was "charged with the responsibility of advocating for the [veterans] community with various governmental agencies and social services providers," her comments "constituted no more than a part of the performance of the tasks that [she] was hired and paid to complete." *See Ibarra*, 2007 WL 579670, at *4-5. In the context that her comments to the Commission were made, her comments were not constitutionally protected speech. *See id.* at *5.

For the reasons stated, **IT IS HEREIN ORDERED** that the motions for partial

reconsideration (Docs. 40, 45) are **GRANTED**, and this Court's prior Memorandum Opinion and Order (Doc. 32), as well as the Order entered on March 13, 2006 (Doc. 39) (addressing defendants' first motion for reconsideration) are **MODIFIED**. Partial summary judgment is **ENTERED** in favor of Defendants with respect to (1) Plaintiff's claims of wrongful discharge in violation of public policy (*Greeley* claims) and (2) her claims of retaliation for engaging in speech protected by the First Amendment and Article One, Section Eleven, of the Constitution of Ohio.

**IT IS FURTHER ORDERED THAT** this matter shall go forward only as against Defendant, the Clinton County Veterans Service Commission, and only as to Plaintiff's claims of gender discrimination and a denial of equal protection arising from the termination of her employment in September 2003.

**IT IS SO ORDERED**.


Date:  4/5/07                                s/Timothy S. Black
                                             Timothy S. Black
                                             United States Magistrate Judge